IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

MIGDALIA FORT,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

CIV. NO.: 20-1089 (SCC)

**OPINION AND ORDER**

On January 28, 2022, Plaintiff Migdalia Fort filed a *pro se* motion informing the Court that while she was unable to retain the services of a lawyer admitted to practice law in the District of Puerto Rico to represent her in this action, she had retained the services of a lawyer admitted to practice law in the District of New Jersey. *See* Docket No. 42. In that motion, Plaintiff Fort also included a request for the Court to consider, *inter alia*, transferring her case to the District of New Jersey. *Id*.

In light of Plaintiff Fort's request, the Court entered an order directing the Government to show cause as to why this case should not be transferred to the District of New Jersey. *See* Docket No. 43. In its response to the Court's order to show cause, the Government stated that it joined Plaintiff Fort's

request to transfer this case to the District of New Jersey. *See* Docket No. 44. For the reasons set forth below, the Court agrees that the appropriate course of action is to transfer this case to the District of New Jersey because venue is also proper there.

## I.    Analysis

Section 1404(a) provides in pertinent part that "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Here, not only have the Parties consented to the transfer of this case, but it also holds that this action could have been initially filed in the District of New Jersey. Plaintiff Fort's Amended Complaint and subsequent filings before this Court confirm as much.

Plaintiff Fort filed this action under the Federal Tort Claims Act ("FTCA"). *See* Docket Nos. 15-1 and 20.[1] The FTCA's venue provision states that venue is proper "where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). In her Amended Complaint Plaintiff Fort alleged that she resides in Puerto Rico and that the purported conduct giving rise to her FTCA claims occurred in New Jersey. *See* Docket Nos. 15-1 and 20.

---

[1] The Amended Complaint tendered at Docket No. 15-1 was deemed filed, *see* Docket No. 17. However, Plaintiff Fort refiled it as a separate docket entry at Docket No. 20.

She reiterated this in her most recent filing before this Court. *See* Docket No. 42. Considering these allegations, venue is proper in both the District of Puerto Rico and the District of New Jersey.

The Court has wide discretion to transfer a case pursuant to § 1404(a). *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (explaining that, "Section 1404(a) is intended to place discretion in the district court to adjudicate motions to transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" (quoting *Van Dusen v. Barrack,* 376 U.S. 612, 622 (1964))). In this case, the Court has reviewed the Parties' submissions at Docket Nos. 42 and 44 and sees no reason why it should deny the requested transfer since the District of New Jersey is also a proper venue and as noted by Plaintiff Fort and the Government, almost all the potential witnesses are in New Jersey.

**II. Conclusion**

In sum, the Court **GRANTS** Plaintiff Fort's request at Docket No. 42 to transfer this case. Accordingly, the Clerk of Court is directed to **TRANSFER** this case to the District of New Jersey and then **CLOSE** this case.

Lastly, in view of the Court's decision to transfer this case, the pending motions at Docket Nos. 19, 22-23, and 25 are **DENIED WITHOUT PREJUDICE.** The same may be refiled,

if need be, in the District of New Jersey.  Meanwhile, the motion at Docket No. 40 is deemed **MOOT**.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 4th day of February 2022.

<u>S/ SILVIA CARREÑO-COLL</u>
UNITED STATES DISTRICT COURT JUDGE